# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Senior Judge Marcia S. Krieger

**Civil Action No. 17-cv-03019-MSK-KMT**

**HENRY LEE GRIFFIN JR.,**

    Plaintiff,

v.

**VIRGINIA GORMAN,**
**AMY MORRISON,**
**BRYAN COLEMAN, and**
**DAVE LISAC,**

    Defendants.

_____

### OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND INTERLOCUTORY ORDER; GRANTING IN PART MOTION TO DISMISS; AND DENYING MOTION TO STRIKE
_____

**THIS MATTER** comes before the Court pursuant to: (1) Plaintiff Henry Griffin's Motion Objecting to #23 and Motion Showing Cause Why Chief Judge Marcia S. Krieger Should Vacate and Reverse #23 in Part and Reinstate all Defendants and Plaintiff's Claims One, Two and Four **(#27)**, to which no response was filed; (2) Defendants Virginia Gorman, Amy Morrison, Bryan Coleman, and Dave Lisac's (collectively, "the Buena Vista Correctional Facility Officials") Motion to Dismiss Plaintiff's Second Amended Prisoner Complaint **(#33)**, Mr. Griffin's Response **(#36)**, the Buena Vista Correctional Facility Officials' Reply **(#37)**; and (3) Mr. Griffin's Motion to Strike the Buena Vista Correctional Facility Officials' Reply **(#38)** and the Buena Vista Correctional Facility Officials' Response **(#40)**.

1

## I. JURISDICTION

The Court exercises jurisdiction under 28 U.S.C. § 1331.

## II. PROCEDURAL HISTORY

At all relevant times, Mr. Griffin is in the custody of the Colorado Department of Corrections ("CDOC") and is an inmate housed at the Buena Vista Correctional Facility in Buena Vista, Colorado ("the Prison"). **(#22)**. On December 14, 2017, Mr. Griffin filed his initial Prisoner Complaint **(#1)** asserting that certain laws and policies are unconstitutional and violate his First, Eighth, and Fourteenth Amendment rights: specifically, the Prison Labor Law, Colo. Rev. Stat. § 17-20-117; the Prison Labor Policies, Administrative Regulations ("AR") 450-07 and 850-03; the Corrections Officer Staffing Law, Colo. Rev. Stat. § 17-1-115.8; and the Limited Negro Policy, AR 1450-05. **(#1)**. Mr. Griffin also asserts a claim against (former) Defendants Richard Raemisch and Union Supply Direct for a violation of his Fourteenth Amendment rights to due process and equal protection to be free from false advertising and fraud. **(#1)**.

Following the initial review of the Prisoner Complaint pursuant to D.C.COLO.L.Civ.R 8.1(b), on February 17, 2018, the Magistrate Judge found Mr. Griffin's initial Complaint: (1) failed to comply with the pleading requirements of Rule 8 and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and (2) failed to assert personal participation by named defendants. Mr. Griffin was directed to file an amended complaint addressing these deficiencies. **(#10)**.

On May 17, 2018, Mr. Griffin filed his Amended Complaint alleging five claims: (1) that Colo. Rev. Stat. § 17-20-117, is unconstitutional because it violates Mr. Griffin's First and Tenth Amendment rights; (2) that inmate labor policies violate Mr. Griffin's First and Tenth Amendment rights; (3) that the Inmate Package Program violated the Federal Wire Fraud Act

and Mr. Griffin's First Amendment right to be free from fraud by false advertising; (4) that non-nude photos of women were taken from Mr. Griffin in violated of his First and Fourth Amendment rights[1]; and (5) that Mr. Griffin declined counseling and treatment and is being retaliated against in violation of his First Amendment rights. **(#18)**. Pursuant to the Court's initial review process, the Magistrate Judge again reviewed the Amended Complaint, found deficiencies, and afforded Mr. Griffin "one last attempt to submit a Complaint" in compliance with court orders. **(#19)**.

On August 27, 2018, Mr. Griffin filed his Second Amended Complaint, which is the operative complaint for purposes of this Opinion and Order, alleging four claims: (1) that Colo. Rev. Stat. § 17-20-117 is unconstitutional because it violates Mr. Griffin's First Amendment rights; (2) that AR 350-02 and AR 450-07 are unconstitutional because they violate Mr. Griffin's First Amendment rights; (3) that non-nude photos, deemed to be offensive by Prison staff, were taken from Mr. Griffin in violation of his First and Fourteenth Amendment rights; and (4) that AR 300-26 is unconstitutional because it violates Mr. Griffin's First and Fourteenth Amendment rights. **(#22)**. Following initial review of this iteration of the complaint, a District Judge issued an interlocutory Order to Draw in Part and Dismiss in Part, which: dismissed Claims One and Four without prejudice for failure to comply with the Magistrate Judge's February 17, 2018 Order; dismissed Claim Two with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as legally frivolous; and directed that Claim Three asserted against the Buena Vista Correctional Facility Officials be drawn to a presiding judge. **(#23)**.

---

[1] This is the first time Mr. Griffin asserted facts or a claim related to the seizure of his photos by Prison staff; the original Complaint contained no such claim.

## III. FACTS

The Court provides a brief summary of the pertinent well pled allegations in the Second Amended Complaint **(#22)** and elaborates as necessary in its analysis. Mr. Griffin, an inmate in the CDOC, ordered numerous photos from a company called "Flix 4 You." **(#22 at 11)**. He alleges that on five separate dates between April 11, 2016 and September 30, 2016, 168 photos were impounded, seized, and/or destroyed by Prison mailroom staff—specifically Ms. Gorman, Ms. Morrison, Mr. Coleman, and Mr. Lisac—ostensibly because the photos violated the Prison's AR 300-26[2], which prohibits receipt by inmates of material featuring nudity or sexually explicit conduct.[3] **(#33-1)**. Based on these allegations and following the Court's initial review process pursuant to D.C.COLO.L.Civ.R. 8.1(b), Mr. Griffin's sole remaining claim alleges a violation of his First and Fourteenth Amendment rights against the Buena Vista Correctional Facility Officials in both their official and individual capacities for "taking and destroying (168 non-nude photos) they deemed offensive." **(#22 at 11)**.

Mr. Griffin has objected to the District Judge's interlocutory Order to Draw in Part and to Dismiss in Part and requests that all of his claims asserted in the Second Amended Complaint be "reinstated" along with all of the dismissed-defendants. **(#27 at 2)**. The Buena Vista Correctional Facility Officials have moved to dismiss the claim asserted against them under Rule

---

[2] The version of AR 300-26 in place during the time of all relevant events alleged in Mr. Griffin's Second Amended Complaint is attached as an exhibit to the Buena Vista Correctional Facility Officials' motion to dismiss. **(#33-1)**. The Court will consider the AR as it is both referenced on page 11 of the operative Second Amended Complaint and is central to Mr. Griffin's sole, remaining claim. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

[3] Mr. Griffin contends the photos in question did not feature nudity.

12(b)(6) on grounds it is untimely. In the alternative, the Buena Vista Correctional Facility Officials have moved to dismiss the Fourteenth Amendment portion of the claim against them in their individual capacities under Federal Rule of Civil Procedure 12(b)(6), asserting they are entitled to qualified immunity. They further argue that any request for monetary damages or declaratory relief against them in their official capacities is barred by the Eleventh Amendment.[4]

## IV. ANALYSIS

### A. Standard of Review

Mr. Griffin initiated this case without the assistance of an attorney. Accordingly, the Court reads his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Such liberal construction is intended merely to overlook technical formatting errors and other defects in Mr. Griffin's filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Indeed, although he is not represented by counsel, Mr. Griffin must still comply with procedural rules and satisfy substantive law to be entitled to relief. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2008).

### B. Mr. Griffin's Objection to Order to Draw in Part and to Dismiss in Part

Mr. Griffin objects to the District Judge's October 3, 2018 interlocutory order dismissing all of his claims except Claim Three and requests that all of his dismissed claims be reinstated against all original defendants. **(#27)**. Mr. Griffin contends that his objections are timely and

---

[4] In his Response to the Buena Vista Correctional Facility Officials' motion to dismiss, Mr. Griffin clarifies that he is not alleging a Fourteenth Amendment equal protection claim against the Buena Vista Correctional Facility Officials in his Second Amended Complaint. **(#36 at 5-6)**. Mr. Griffin further states that he is "not requesting any monetary damages" from the Buena Vista Correctional Facility Officials in their official capacities. **(#36 at 7)**. Thus, the Court hereby dismisses Claim Three insofar as it: (1) asserts a Fourteenth Amendment equal protection claim against the Buena Vista Correctional Facility Officials and (2) asserts a claim for monetary damages against them in their official capacities.

that the Court "plainly erred" in dismissing Claims One, Two, and Four. **(#27)**. Mr. Griffin's pleading indicates that he timely objected to the District Judge's October 3, 2018 order. However, because this order was entered by a district judge and not a magistrate judge, the Court construes Mr. Griffin's request as a motion to alter or amend an interlocutory order rather than an objection to a magistrate judge's order pursuant to 28 U.S.C. § 636(b)(1)(A).

Prior to the entry of a final judgment, a district court has discretion to revise interlocutory orders. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (stating that "every order short of a final decree is subject to reopening at the discretion of the district judge."); *Wagoner v. Wagoner,* 938 F.2d 1120, 1122 n.1 (10th Cir. 1991); *Nat. Business Brokers, Ltd. v. Jim Williamson Productions, Inc*., 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000). Like the order issued in this case, any order "which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … is subject to revision at any time before the entry of judgment." *Raytheon Constructors, Inc. v. ASARCO Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (citing Fed. R. Civ. P. 54(b)). Also, courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous." *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). "Thus, a court can alter its interlocutory order even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied." *Nat. Business Brokers*, 115 F. Supp. 2d at 1256. "Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider is not at the disposal of parties who want to rehash old arguments." *Id.* (internal quotation marks and citation omitted). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or

6

law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks and citation omitted).

Pursuant to the Court's local rules and federal statute, here, the Court must dismiss any asserted claim that is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); D.C.COLO.L.CivR 8.1(b). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that is meritless, does not exist, or asserts facts that could not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Further, pursuant to Rule 41(b), a claim may be dismissed "[i]f the plaintiff fails to prosecute or [] comply with … a court order …."

Here, pursuant to the D.C.COLO.L.CivR 8.1(b) review, the Magistrate Judge afforded Mr. Griffin two opportunities to file a complaint that complied with governing law and rules. Then, the District Judge properly reviewed Mr. Griffin's Second Amended Complaint to determine whether any claims were legally frivolous. The District Judge issued a detailed "Order to Draw in Part and to Dismiss in Part" dismissing Claims One and Two as legally frivolous and Claim Four for failure to comply with a Court order and for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). **(#23)**.

As to Claim One, Mr. Griffin asserts that Defendant (former) Governor John Hickenlooper is denying his right to free exercise by executing Colo. Rev. Stat. § 17-20-117 against him. Section 17-20-117 provides that "[e]very able-bodied inmate shall be put to and kept at the work most suitable to such inmate's capacity and most advantageous to the people of this state." *Id.* The District Judge found this claim to be baseless because (1) absolute immunity applies to all actions related to legislative activity; (2) nothing in § 17-20-117 requires inmates to work even if their religious beliefs may preclude them from doing so; and (3) there are no allegations that Gov. Hickenlooper personally participated in the alleged constitutional

7

deprivation. **(#23 at 5-6)**. As to Claim Two, Mr. Griffin asserts Defendants Richard Raemisch and Dennis Dunsmoor denied his right to free exercise of religion by executing AR 850-03 and AR 450-07 against him. The District Judge determined Mr. Griffin failed to assert what specific sections of the regulations violated his rights and that nothing in the regulations requires Mr. Griffin to "worship the DOC or interferes with his ability to be obedient or adhere to his religious beliefs." **(#23 at 7)**. As to Claim Four, Mr. Griffin asserts that various defendants violated his First and Fourteenth Amendment rights by compelling him to participate in therapy and treatment. After a careful review, the District Judge found Mr. Griffin failed to comply with the Magistrate Judge's previous order and assert personal participation by properly named defendants. **(#23 at 8)**. Thus, Claim Four was dismissed pursuant to Rule 41(b).

In his pleading, Mr. Griffin sets forth general legal principles and makes broad, sweeping assertions that his constitutional rights were violated. However, he never addresses any of the particular deficiencies outlined in the District Judge's order nor sets forth specific allegations that would show personal participation by the defendants. Simply put, Mr. Griffin fails to proffer new evidence or legal authority to support his contentions nor does he address any of the circumstances warranting relief. He merely sets forth the same vague, conclusory allegations that were previously rejected by this Court multiple times. Thus, the Court finds the District Judge's order **(# 23)** is not clearly erroneous and denies Mr. Griffin's motion to alter and/or amend interlocutory order.

C.  **The Buena Vista Correctional Facility Officials' Motion to Dismiss**

The Buena Vista Correctional Facility Officials move for dismissal on the following two grounds: (1) Mr. Griffin's remaining claim asserted against them in the Second Amended Complaint—Claim Three—was filed after the period specified in the applicable statute of

limitation had expired ( Rule 12(b)(6)) and (2) any claim for declaratory relief asserted against them in their official capacities is barred by the Eleventh Amendment (Rule 12(b)(1)).

1.  **Standard of Review**

**Rule 12(b)(1)**

Challenges to subject-matter jurisdiction under Rule 12(b)(1) generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995)). Here, the Defendants assert Eleventh Amendment immunity, which constitutes a facial attack on the allegations of subject matter jurisdiction contained in the Second Amended Complaint. *See Ruiz*, 299 F.3d at 1180. Accordingly, the Court "must accept the allegations in the complaint as true." *Holt*, 46 F.3d at 1002. However, "[t]he burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

**Rule 12(b)(6)**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pleaded allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). The Court must limit its consideration to the four corners of the Complaint, any documents attached thereto, and any external documents that are referenced in the Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter*

*Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79. The Court takes the remaining, well-pleaded factual contentions, treats them as true, and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

### 2. Statute of Limitations

The Buena Vista Correctional Facility Officials first contend that Mr. Griffin became aware of the facts giving rise to his claim as early as April 2016, the date the first set of photos were confiscated, and that he did not commence suit within the applicable two-year statute of limitations. More specifically, they argue that the five instances where they are alleged to have seized or confiscated Mr. Griffin's photos should be treated as one challenged decision and not five discrete decisions warranting "separate statute of limitations calculations." **(#33 at 8)**. In response, Mr. Griffin argues that no part of this action is time-barred because: (1) the continuing violation doctrine is applicable; (2) he is entitled to equitable tolling; and (3) AR 300-26 was revised during the pendency of this case. **(#36)**.

*Bivens* claims are governed by the appropriate state-law limitation period for personal

injuries; in Colorado, that period is two years. *See Appleby-El v. Catron*, 84 F.App'x 9, 10 (10th Cir. 2003) (citing *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) and Colo. Rev. Stat. § 13–80–102). Thus, to be timely, Mr. Griffin must have commenced this action within two years of the accrual of his claim. A claim accrues, and the statute of limitations begins to run, on the date when the plaintiff knows or should have known of the existence and cause of the injury upon which his claim is based. *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004). Since the injury in a § 1983 case is the violation of a constitutional right, to establish the date of accrual in such a case, the court is to "to identify the constitutional violation and locate it in time." *Smith v. City of Enid*, 149 F.3d 1151, 1157 (10th Cir. 1998). It is Mr. Griffin's burden to show that his claims are timely asserted. *See Samples–Ehrlich v. Simon*, 876 P.2d 108, 110 (Colo. App. 1994).

Turning first to the question of when Mr. Griffin commenced this action, the Court notes that while he filed his original Complaint on December 14, 2017, it did not contain any facts or a claim related to the seizure of the "Flix 4 You" photos. It was not until May 17, 2018, the date Mr. Griffin when filed his Amended Complaint, that he asserted such a claim (Claim Four). Then, on August 27, 2018, Mr. Griffin Filed his Second Amended Complaint, which also pled a similar "photo seizure" claim (Claim Three).

Rule 15(c)(1) governs the relation back of amendments. If the applicable statute of limitations has run, an amended complaint may relate back to the date of the timely filed original complaint when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading …." Rule 15(c)(1)(c). In general, "amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new theory of relief, or add

11

another claim arising out of the same facts." *Benton v. Bd. of Cnty. Comm'rs*, No. 06–cv–01406–PSF, 2007 WL 4105175, at *3 (D. Colo. Nov. 14, 2007), aff'd, 303 F.App'x 625 (10th Cir. 2008). However, "amendments will generally not relate back if they interject entirely different facts, conduct, transactions or occurrences." *Id.* As long as there is a "factual nexus" between the original and amended complaints, the amended claim "is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." *Benton*, 2007 WL 4105175, at *3.

Here, the Second Amended Complaint fairly relates back to the Amended Complaint. However, the "photo seizure claim" set forth in the Amended Complaint is wholly unrelated to any other claim asserted in the original Complaint. It does not amplify the facts previously alleged by Mr. Griffin, correct a technical defect in his prior Complaint, assert a new legal theory of relief based on previously-asserted facts, or add another claim arising out of these facts. Thus, given that the Amended Complaint does not relate back to the original Complaint, the Court finds Mr. Griffin filed this action on May 17, 2018.

The Court now turns to the question of when Mr. Griffin's claims accrued. Mr. Griffin alleges constitutional violations against the Buena Vista Correctional Facility Officials in both their official and individual capacities for the confiscation of 168 photos by Prison staff on five separate dates: April 11, 2016, April 18, 2016, June 23, 2016, July 11, 2016, and September 30, 2016. **(#22 at 11)**. Although the Officials urge the Court to treat the five seizures as "one challenged decision" made on April 11, 2016, the Court is not persuaded to do so. Each seizure was a discrete act by one or more Buena Vista Correctional Facility Officials applying AR 300-26 to particular photos received on particular date. In this sense, each seizure constituted a separate decision and action and thus a separately alleged constitutional violation; each alleged

violation thus has a distinct accrual date for statute of limitations purposes. *See Davidson v. America Online, Inc*., 337 F.3d 1179, 1185 (10th Cir. 2003); *Fogle v. Slack*, 419 F.App'x 860, 864 (10th Cir. 2011).  The limitation on filing for relief would be two years from each date Mr. Griffin became aware that he would not be receiving his photos from "Flix 4 You."  Thus,  for the April 11, 2016 photo seizure his suit would have had to have been filed no later than April 11, 2018; for the April 18, 2016 photo seizure a suit filed no later than April 18, 2018; for the June 23, 2016 photo seizure a suit filed no later than June 23, 2018; for the July 11, 2016 photo seizure a suit filed no later than July 11, 2018; and for the September 30, 2016 photo seizure a suit filed no later than September 30, 2018.  *See Onyx Properties LLC v. Bd. of Cnty. Comm'rs of Elbert County*, 868 F. Supp. 2d 1164, 1168 (D. Colo. 2012) (calculating date of accrual as September 20, 2006 and the date the two-year statute of limitations period expired as September 20, 2008).  Given that Mr. Griffin commenced suit on May 17, 2018, a straight forward calculation of the timely filed claims arise from seizures of photos on June 23, 2016, July 11, 2016, and September 30, 2016.  Thus, unless there is a basis to apply the continuing violation doctrine or toll the statute of limitations, Mr. Griffin's claims, based on the seizures of photos occurring on April 11, 2016 and April 18, 2016, are timebarred.

        **a.**        **Applicability of Continuing Violation Doctrine**

Mr. Griffin argues that the continuing violation doctrine saves any untimely photo-confiscations from being timebarred.  The continuing violation doctrine was developed in the Title VII employment law context and allows a plaintiff to challenge incidents that occurred outside the statutory time limitations if such incidents are "sufficiently related and thereby constitute a continuing pattern of discrimination." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).  However, the Tenth Circuit has never applied the doctrine to § 1983 claims.

*Vasquez v. Davis*, 882 F.3d 1270 (10th Cir. 2018); *Mercer-Smith v. New Mexico*, 416 F.App'x 704, 712 (10th Cir. 2011); *Canfield v. Douglas Cnty.*, 619 F. App'x 774, 778 (10th Cir. 2015). Thus, given the lack of support for applying the doctrine in cases analogous to the one at bar, the Court declines to apply the continuing violation doctrine to Mr. Griffin's § 1983 claims.[5]

b. **Applicability of Equitable Tolling**

Here, the Court applies Colorado's equitable tolling rules. *Hardin v. Straub*, 490 U.S. 536, 539, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (applying state tolling rules in § 1983 cases). In Colorado, equitable tolling of a statute of limitations is rarely invoked "to prevent a defendant from asserting a statute of limitations defense where the defendant's wrongful conduct prevented the plaintiff from asserting a timely claim, or where extraordinary circumstances rendered the filing [of] a claim within the statutory period impossible." *Gognat v. Ellsworth*, 224 P.3d 1039, 1049 (Colo. App. 2009); *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. App. 2000); *Rossi v. Osage Highland Dev., LLC*, 291 P.3d 319, 321-22 (Colo. App. 2009) (stating that equitable tolling is limited to situations involving wrongful conduct by a defendant or truly extraordinary circumstances preventing

---

[5] "The continuing violation doctrine is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated." *Martin v. Nannie & The Newborns, Inc.*, 3 F.3d 1410, 1415, n. 6 (10th Cir. 1993). Assuming the continuing violation doctrine could be applied to § 1983 claims, it would permit a plaintiff to challenge incidents that occurred outside of the statute of limitations if the incidents "are sufficiently related and thereby constitute a continuing pattern" of wrongful conduct. *Hunt*, 17 F.3d at 1266. However, the doctrine would not allow a plaintiff to challenge discrete acts of wrongful conduct which occurred outside of the statute of limitations. *See Robinson v. Maruffi*, 895 F.2d 649, 655 (10th Cir. 1990). Here, Mr. Griffin pleads separate instances where Prison staff seized a particular set of photos deemed violative of the regulation. The Court declines to "lump" all of the seizures together and overlook the discrete nature of each decision. Thus, even if the continuing violation doctrine could apply to a § 1983 claim, it would not apply to this lawsuit.

timely filing of suit). By its nature, equitable tolling is case specific, disfavored by Colorado courts, and a plaintiff must present specific circumstances unique to his or her case. *See Olson v. State Farm Mut. Auto. Ins. Co*., 174 P.3d 849, 858 (Colo. App. 2007); s*ee Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

Here, Mr. Griffin generally argues that equitable tolling should apply because: (1) he pursued his rights diligently; (2) he filed multiple requests for extensions of time due to Prison lockdowns; and (3) he was ordered to amend his Complaint two times. **(#36)**. However, Mr. Griffin fails to put forth sufficient information detailing his diligent efforts to file this suit until May 17, 2018 and generally fails to make any arguments that extraordinary circumstances exist in his case such that the statute of limitations should be tolled. To be fair, Mr. Griffin does assert that Prison lockdowns "during filing periods" prevented him from timely filing this matter. **(#36 at 2)**. However, Mr. Griffin includes no details as to the frequency or length of the lockdowns and how this circumstance might excuse his tardiness. Indeed, the Tenth Circuit has repeatedly determined that prison lockdowns do not justify equitable tolling. *See Dill v. Workman*, 288 F.App'x 454, 457 (10th Cir. 2008) (finding that a prison lockdown does not qualify as extraordinary for purposes of equitable tolling); *Rosales Sandoval v. Jones*, No. 11-5022, 2011 WL 2321451, at *2 (10th Cir. June 14, 2011) (finding a vague reference to a lockdown insufficient to warrant equitable tolling); *Parker v. Jones*, 260 F.App'x 81, 85 (10th Cir. 2008) (finding vague allegations about two lengthy lockdowns did not justify equitable tolling). Further, Mr. Griffin fails to proffer any evidence that the Buena Vista Correctional Facility Officials wrongfully impeded him from asserting his claims until May 17, 2018 or that extraordinary circumstances exist. Because Mr. Griffin has failed to meet his burden, the Court finds equitable tolling is not justified in this case.

### c. Applicability of Revised AR 300-26

Finally, Mr. Griffin argues that a revision to AR 300-26 somehow excuses any untimeliness. The Court disagrees. Mr. Griffin alleges violations of his constitutional rights based on the application of AR 300-26 in effect from April 11, 2016 to September 30, 2016. Thus, any updates to AR 300-26 made after the relevant time period alleged in the Second Amended Complaint do not apply here.

Therefore, Mr. Griffin may proceed with Claim Three, based on the seizures of photos occurring on June 23, 2016, July 11, 2016, and September 30, 2016. However, the portion of Claim Three, based on the seizures of photos occurring in April 2016, is timebarred.

### 3. Official Capacity Claims for Declaratory Relief

The Buena Vista Correctional Facility Officials also move to dismiss any claims brought against them in their official capacities for declaratory relief under the Eleventh Amendment. A motion to dismiss based on Eleventh Amendment immunity is treated as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Meyers v. Colo. Dep't of Human Servs.*, 62 F. App'x 831, 832 (10th Cir. 2003). The Eleventh Amendment to the U.S. Constitution provides that the federal courts may not hear suits against state entities, absent a waiver of the state's immunity. *Tennessee v. Lane*, 541 U.S. 509, 517, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004). Because claims against state officials in their official capacities are essentially actions against a state itself, the Eleventh Amendment bars those suits as well. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Whether the Eleventh Amendment precludes the court from exercising jurisdiction over an action depends, in part, on the type of relief sought. While the Eleventh Amendment bars federal court actions for

damages, *Kentucky*, 473 U.S. at 169, it does not generally bar suits seeking declaratory or prospective injunctive relief to halt an ongoing violation of federal law. *See Ruiz v. McDonnell*, 299 F.3d 1173 (10th Cir. 2002) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 73, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) and *Ex parte Young*, 209 U.S. 123, 159–60, 28 S.Ct. 441, 52 L.Ed. 714 (1908)).

In the Second Amended Complaint, as to Claim Three, Mr. Griffin alleges a deprivation of his constitutional rights against the Buena Vista Correctional Facility Officials for seizing photos deemed to be violative of the AR in effect at the time. **(#22 at 11)**. Based on this alleged constitutional violation, Mr. Griffin requests declaratory and injunctive relief "declaring Virginia Gorman; Amy Morrison; Bryan Coleman and Dave Lisac denied, injured, and violated Henry Lee Griffin, Jr.['s] #67773 First and Fourteenth Amendment Rights …."[6] **(#22 at 15)**. This is clearly a request to redress a past action and not a claim for prospective injunctive relief, seeking to compel the Prison to discontinue an ongoing unlawful practice. Thus, Mr. Griffin's request for declaratory and injunctive relief asserted against the Buena Vista Correctional Facility Officials in their official capacities is precluded by the Eleventh Amendment. These official capacity claims are dismissed.

    **4.**    **Mr. Griffin's Motion to Strike the Reply**

Mr. Griffin moves to strike the Buena Vista Correctional Facility Officials' Reply in support of their motion to dismiss on two grounds: (1) that the Reply contains a new argument

---

[6] In his Response, Mr. Griffin withdrew his additional request for monetary damages from each named defendant in their official capacities.

regarding the Eleventh Amendment not raised in the original motion to dismiss and (2) that the Reply was untimely filed.[7] **(#38)**.

After a careful review, the Court disagrees with both contentions. First, in the motion to dismiss, the Buena Vista Correctional Facility Officials argue they "are immune from claims for monetary and declaratory relief under the Eleventh Amendment." **(#33 at 15)**. Second, the Reply was timely filed on January 10, 2019—14 days after Mr. Griffin served his Response by mail on December 27, 2018 **(#36 at 21)**. *See* D.C.COLO.LCivR 7.1(d) ("The moving party may file a reply within 14 days after the date of service of the response, or such lesser or greater time as the court may allow."). Further, given that "[m]otions to strike are a severe remedy, and as such are generally disfavored," *Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006), the Court denies the motion to strike the Reply.

## IV. CONCLUSION

For the foregoing reasons,

1. Plaintiff Henry Griffin's Motion Objecting to #23 and Motion Showing Cause Why Chief Judge Marcia S. Krieger Should Vacate and Reverse #23 in Part and Reinstate all Defendants and Plaintiff's Claims One, Two and Four **(#27)** is **DENIED**;

2. The Fourteenth Amendment equal protection claims by Plaintiff Henry Griffin against Defendants Virginia Gorman, Amy Morrison, Bryan Coleman, and Dave Lisac, in both their individual and official capacities, are deemed voluntarily dismissed;

3. The request for monetary damages against Defendants Virginia Gorman, Amy Morrison, Bryan Coleman, and Dave Lisac, in their official capacities, is deemed voluntarily

---

[7] Mr. Griffin also re-raises an argument as to the revision of AR 300-26, which the Court already rejected in this Opinion as inapplicable.

dismissed;

4. Defendants Virginia Gorman, Amy Morrison, Bryan Coleman, and Dave Lisac's Motion to Dismiss Plaintiff's Second Amended Prisoner Complaint **(#33)** is **GRANTED** in part and **DENIED** in part, as follows:

   a. Defendants' motion is **GRANTED** insofar as Mr. Griffin's claims, based on the seizures of photos occurring on April 11, 2016 and April 18, 2016, are timebarred. Such claims are hereby dismissed with prejudice.

   b. Defendants' motion is **GRANTED** insofar as Mr. Griffin's claims for declaratory and injunctive relief asserted against the Defendants in their official capacities are barred by the Eleventh Amendment. These official capacity claims for declaratory relief are dismissed without prejudice for lack of subject matter jurisdiction.

   c. Defendants' motion is **DENIED i**n all other respects.

5. Plaintiff Henry Griffin's Motion to Strike the Buena Vista Correctional Facility Officials' Reply **(#38)** is **DENIED**.

6. In light of the above rulings, the claims that will proceed in this action are: Claim Three - Mr. Griffin's claim for a First Amendment deprivation, based on the seizures of photos occurring on June 23, 2016, July 11, 2016, and September 30, 2016, against Defendants Virginia Gorman, Amy Morrison, Bryan Coleman, and Dave Lisac in their individual and official capacities.

Dated this 18th day of September, 2019.

BY THE COURT:

_____

Marcia S. Krieger
Senior United States District Judge